25CA1743 Eaves v CDOC 08-06-2026

COLORADO COURT OF APPEALS

---

Court of Appeals No. 25CA1743
Bent County District Court No. 24CV4
Honorable Samuel S. Vigil, Judge

---

Rodney Douglas Eaves,

Plaintiff-Appellant,

v.

Executive Director of the Colorado Department of Corrections, and Warden of the Bent County Correctional Facility,

Defendants-Appellees.

---

APPEAL DISMISSED

Division VI
Opinion by JUDGE BERNARD*
Grove and Moultrie, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced August 6, 2026

---

Rodney Douglas Eaves, Pro Se

No Appearance for Defendants-Appellees


*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24-51-1105, C.R.S. 2025.

¶ 1    Plaintiff, Rodney Douglas Eaves, whom we shall call "the inmate," appeals the district court's decision affirming the finding of a prison hearing officer that the inmate had violated the Code of Penal Discipline. We dismiss the appeal.

## I.    Background

¶ 2    The inmate was incarcerated in the Bent County Correctional Facility, which we shall call "the prison," when the events in this case occurred. On March 14, 2023, a prison employee saw the inmate walking down the hall wearing eagle feathers in his hair. The inmate, a member of the Sac and Fox Tribe, wore the feathers for religious reasons.

¶ 3    The employee told the inmate to remove the feathers from his hair, saying it was a violation of the Code of Penal Discipline. The inmate refused.

¶ 4    The inmate was charged with disobeying a lawful order. He participated in a hearing concerning this charge on March 23, 2023. One of the prison's lieutenants was the hearing officer, and one of the prison's sergeants was the prosecutor. After hearing the evidence, including evidence from witnesses the inmate called, the hearing officer found the inmate guilty of disobeying a lawful order.

1

The hearing officer imposed the sanction of thirty days "loss of privileges" but "probated" the sanction for sixty days, meaning that, if the inmate was not found guilty of certain violations of the Code of Penal Discipline during those sixty days, he would not lose any privileges.

¶ 5 The prison issued its final written disposition of the charges on March 27, 2023, which summarized the results of the hearing. A prison employee served the inmate with it on March 29, 2023.

¶ 6 At that point, according to the inmate, he "believed everything about the proceeding was "authentic."  He did not seek judicial review of the imposition of discipline because he thought the issue concerning his right to wear the eagle feathers would be decided in a federal case he had been litigating.

¶ 7 But the inmate claimed he learned in September 2023 that the sergeant acting as the prosecutor at the disciplinary hearing was not authorized to do so.  The inmate then began the multi-layered process of seeking administrative review within the prison system of the result of the March 23, 2023, hearing, alleging, in part, that the disciplinary conviction had been tainted by fraud because the sergeant had not been authorized to act as a prosecutor.  The last

2

administrative decision was rendered on February 21, 2024, and it was served on the inmate on February 27, 2024. It stated in part: "You signed the disposition on 3/29/23 and you had until 4/19/[]23 to file an appeal."

¶ 8     The inmate filed a C.R.C.P. 106.5 petition to review the final disposition in the district court in Bent County on March 4, 2024. A magistrate affirmed the prison hearing officer's decision. Upon review, the district court decided the inmate had not timely filed his petition for judicial review, and the magistrate therefore lacked jurisdiction to review it. The court reasoned:

- The Rules of Civil Procedure required the inmate to file his petition not more than twenty-eight days after the final decision in his administrative case.

- This twenty-eight-day requirement is jurisdictional, and it must be strictly followed.

- The prison authorities issued the final decision in the inmate's disciplinary case on March 27, 2023, and they served it on the inmate on March 29, 2023.

- The inmate was required to file his request for judicial review no later than April 26, 2023.

3

¶ 9    The court "also addressed the additional issues raised by" the inmate in his petition.

## II.    Standard of Review

¶ 10    "After exhausting administrative remedies, an inmate may obtain judicial review of a disciplinary conviction by filing an action under C.R.C.P. 106.5(a)." *Geerdes v. Dir., Colo. Dep't of Corr.*, 226 P.3d 1261, 1261 (Colo. App. 2010). When we review a conviction under the Code of Penal Discipline, we sit in the same position as the district court, and we review the court's ruling de novo. *Dawson v. Exec. Dir. of Colo. Dep't of Corr.*, 2014 COA 69, ¶ 6. Our review is limited to deciding whether the hearing officer abused his or her discretion or proceeded in excess of his or her discretion. *Garcia v. Harms*, 2014 COA 154, ¶ 9.

## III.    The Inmate's Appellate Issues

¶ 11    The inmate raises six issues on appeal that are all designed to convince us to reverse his disciplinary conviction. He asserts (1) the hearing officer did not have jurisdiction over the disciplinary proceeding because a form required by the Code of Penal Discipline was never completed; (2) the district court should have granted his motion for default judgment because the prison, which was

privately operated, could not "appear and defend" on behalf of the Colorado Department of Corrections against his C.R.C.P. 106.5 petition; (3) the two private attorneys who represented the prison did not have standing to appear on behalf of the Department; (4) the Department "cannot use a civil hearing when [neither] the legislat[ure] nor the Constitution has given [the Department] the authority to do so; crimes cannot be defined or punished using a" hearing under the Code of Penal Discipline; (5) in a federal court proceeding, the Department had interpreted its own regulations to allow the inmate to wear eagle feathers among the general population, and the Department was therefore required to accept this interpretation as a concession at his disciplinary hearing; and (6) the inmate's right to wear his eagle feathers was protected by the First Amendment, and, when he refused the unlawful order to remove them, the prison punished him for exercising his religious beliefs.

## IV.   Analysis

¶ 12     The inmate's opening brief did not address the district court's conclusions that (1) he did not timely file his petition for judicial review, and (2) the magistrate therefore did not have jurisdiction to

5

rule on his petition. In other words, his opening brief did not provide any reasons why we should reverse those decisions.

¶ 13     While it is true we must construe pleadings from pro se litigants broadly "to ensure that [the litigants] are not denied review of important issues because of their inability to articulate their argument like a lawyer," *Jones v. Williams*, 2019 CO 61, ¶ 5, it is not our role "to rewrite a pro se litigant's pleadings," or to "act as an advocate for a pro se litigant," *People v. Cali*, 2020 CO 20, ¶ 34. This means we will not raise issues or responses to issues the inmate in this case has not raised, *see id.*, and we will treat any issues he raised in the district court but did not pursue in this appeal as abandoned, *see People v. Ortega*, 266 P.3d 424, 428 (Colo. App. 2011).

¶ 14     Applying those principles, we turn to addressing the district court's decisions concerning the inmate's untimely filing of his petition. As the division recognized in *Rigato v. Executive Director of Colorado Department of Corrections*, 2026 COA 33, ¶ 2 (quoting C.R.C.P. 106(b)), C.R.C.P. 106.5 petitions from prison disciplinary proceedings must be filed in the district court "not later than" twenty-eight days after the final decision. This twenty-eight-day

period is jurisdictional, and we enforce it strictly. *Rigato*, ¶ 18. So, if an inmate files a C.R.C.P. 106.5 petition more than twenty-eight days after a final decision in a prison disciplinary hearing, it "must be dismissed for lack of subject matter jurisdiction." *Rigato*, ¶ 20 (quoting *Wallin v. Cosner*, 210 P.3d 479, 480 (Colo. App. 2009)).

¶ 15    Relying on *Rigato*, we conclude the district court did not have subject matter jurisdiction over the inmate's petition because the date when he filed it — March 4, 2024 — was much, much more than twenty-eight days after the hearing officer's final decision on March 27, 2023, or even after March 29, 2023, the date on which he was served the final decision. Since all the inmate's appellate issues are designed to convince us to reverse his disciplinary conviction, we further conclude all of them are untimely. As a result, we will not address the merits of the six issues the inmate raised in this appeal.

¶ 16    We dismiss this appeal. *See Rigato*, ¶ 20.

JUDGE GROVE and JUDGE MOULTRIE concur.